UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OMAR HASSAN OSMAN, | CASE NO. 2:25-cv-01189-LK |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| DEPARTMENT OF THE TREASURY et al., | |
| Defendants. | |

This matter comes before the Court on Defendant United States of America's Motion to Dismiss. Dkt. No. 10. For the reasons stated below, the Court grants the motion.

## I.    BACKGROUND

On June 25, 2025, Plaintiff Omar Hassan Osman filed a complaint against the Department of the Treasury and Daniela Ceja-Torres, who Osman describes as an "examiner." Dkt. No. 1 at 2. Osman's complaint states, "I am a professional tax preparer who was assessed a penalty by the IRS following an audit examination. I dispute the findings and conclusions made by the auditors, as they do not accurately reflect my work or the documentation I provided." *Id.* at 5 (citation

ORDER GRANTING MOTION TO DISMISS - 1

modified). Osman requests that the court "1) reverse and vacate the penalty, 2) order the IRS to remove any adverse record related to this penalty, 3) award any costs incurred in disputing this matter . . . , [and] 4) grant any additional relief the court deems just and proper." *Id.* (citation modified).[1] On December 10, 2025, the United States, on behalf of the Internal Revenue Service and IRS Officer Daniela Ceja-Torres, filed a motion to dismiss Osman's complaint. Dkt. No. 10. The motion was noted for December 30, 2025. *Id.* Osman did not respond to the motion.

## II.  DISCUSSION

The United States argues that Osman's complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject matter jurisdiction to adjudicate the claim and under Rule 12(b)(6) because the complaint fails to state a plausible claim for relief. *Id.* at 2. When considering a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss, the district court is "free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). "In such circumstances, no presumptive truthfulness attaches to plaintiff's allegations, and . . . the trial court [evaluates] for itself the merits of the jurisdictional claims." *Id.* (citation modified). "[T]he burden of establishing [jurisdiction] rests upon the party asserting [it]." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

District courts generally lack jurisdiction to consider challenges to a tax assessment or penalty before it is paid in full. *Flora v. United States*, 362 U.S. 145, 146–147 (1960) ("[F]ull payment of the assessment is a jurisdictional prerequisite to suit[.]"); *Latch v. United States*, 842

---

[1] On June 25, 2025, the Court mailed information and summonses to Osman. Dkt. No. 3. On July 18, 2025, the mail was returned to the Court as undeliverable. Dkt. No. 6. On August 13, 2025, Osman called the Clerk's office to confirm his mailing address and inform the Court that he had spoken to the U.S. Postal Service who had apparently returned his mail incorrectly. The Clerk remailed the information and summonses on the same date, and the mail was not returned as undeliverable. The United States mailed its motion to dismiss to Osman's address on file. Dkt. No. 10 at 5.

ORDER GRANTING MOTION TO DISMISS - 2

F.2d 1031, 1033 (9th Cir. 1988) ("A federal district court has subject matter jurisdiction to consider a challenge to an IRS tax assessment only when the aggrieved taxpayer pays the full amount of tax assessed and then seeks a refund."). However, under 26 U.S.C. § 6694(c), a tax preparer can pay 15 percent of the penalty, file a refund claim with the IRS, and file suit in district court within the earlier of (1) 30 days after the IRS denies his claim for refund or (2) 30 days of the expiration of six months after the day on which he filed the claim for refund. *See Taylor v. Comm'r of Internal Revenue*, 732 F. App'x 599, 600 (9th Cir. 2018) (affirming dismissal for lack of subject matter jurisdiction when tax preparer paid 15 percent of the relevant penalties but "did not file [suit] within [the statutory] time limits," and reasoning that in such an instance, "the district court lacks jurisdiction over the refund suit unless the taxpayer pays the entire penalty first" (citation modified)).

Even construing the complaint liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010), there is nothing in the record suggesting that Osman has paid any portion of the penalty from which he seeks relief, *see generally* Dkt. No. 1. And the United States has put forth evidence that he failed to pay the disputed penalty prior to filing this suit. *See* Dkt. No. 10-1 at 1–2 (Declaration of IRS Appeals Office that "ha[s] access to and [is] readily familiar with IRS records, administrative files, and computerized information"). Osman does not dispute the United States' evidence.[2] For those reasons, Osman has failed to meet his burden of establishing jurisdiction. *See Kokkonen*, 511 U.S. at 377. The Court must dismiss the action. *Dunn & Black, P.S.*, 492 F.3d 1084, 1088 (9th Cir. 2007).

Additionally, to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must "plead[] factual content that allows the court to draw the reasonable

---

[2] "[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." LCR 7(d)(2).

ORDER GRANTING MOTION TO DISMISS - 3

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A complaint "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation modified).

The United States argues that "Osman has not met this pleading standard," Dkt. No. 10 at 3, and the Court agrees. Osman avers only that he "dispute[s] the findings and conclusions made by the auditors, as they do not accurately reflect [his] work or the documentation [he] provided." Dkt. No. 1 at 5. This conclusion provides no facts from which the Court could reasonably infer that defendants are liable for misconduct. *See Iqbal*, 556 U.S. at 678. Therefore, dismissal is appropriate under Rule 12(b)(6).

### III.  CONCLUSION

For the foregoing reasons, the Court grants the United States' motion to dismiss. Dkt. No. 10.

Dated this 16th day of March, 2026.

Lauren King
United States District Judge

ORDER GRANTING MOTION TO DISMISS - 4